IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 3:11-cv-66-TCB |
| GABOR MILISIC, et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This case is before the Court on Plaintiff DIRECTV, Inc.'s motion for default judgment against Defendant Dynamic Web Designs Inc. ("DWD") [66]. On May 9, 2012, the Clerk entered default against DWD based on its failure to appear or otherwise defend against DIRECTV's first amended complaint. DIRECTV now seeks a default judgment based solely on its claim for violations of the Communications Act, 47 U.S.C. § 605(a). It asks the Court to award statutory damages and attorneys' fees pursuant to the Communications Act. It further asks the Court to permanently enjoin DWD from further violations of the Communication Act.

"The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). "In multi-defendant cases, courts frequently prefer to delay the default judgment against defaulting defendants until the claims against nondefaulting defendants are resolved." 10-55 ROBERT M. BLOOM, MOORE'S FEDERAL PRACTICE - CIVIL § 55.36 (2012), available at Lexis MOORES. This is particularly appropriate where joint liability is involved because of the potential for inconsistent judgments. *Id.*

As a result of DWD's default, it is established that DWD violated the Communications Act by selling decoding devices that allowed unauthorized persons to view DIRECTV programming. However, the evidence shows that 108 of the decoding devices sold by DWD were activated on falsified subscriber accounts created by Defendants David Rendon and Jennifer Caicedo. Therefore, DWD is jointly and severally liable with Rendon and Caicedo for those violations. *See Cmty. Television Sys., Inc. v. Caruso*, 284 F.3d 430, 436 (2d Cir. 2002) ("[S]ection 605 is sensibly construed to create joint and several liability among those found liable for a single award of damages attributable to the purchase and installation of a single descrambler device.").

Although the Court has granted DIRECTV summary judgment against Rendon and Caicedo on the issue of their liability, it has made no determination of damages. Thus, if the Court were to enter default judgment against DWD now, "[s]eparate adjudications could result in different damages awards against defendants who are jointly liable." BLOOM, *supra*, § 55.36. To avoid this result, the Court will delay the entry of default judgment against DWD until DIRECTV's damages against Rendon and Caicedo have been determined. Consequently, DIRECTV's motion for default judgment [66] is DENIED WITH LEAVE TO REFILE when DIRECTV's damages against Rendon and Caicedo are under consideration by the Court.

IT IS SO ORDERED this 3rd day of December, 2012.

Timothy C. Batten, Sr.
United States District Judge